UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY W. QUINN, CDCR #P-28271,<br><br>                              Plaintiff,<br><br>vs.<br><br>MARCUS POLLARD, Warden; RICO MATTHEWS, Correctional Officer; F. LEWIS, Correctional Officer,<br><br>                              Defendants. | Case No.: 3:23-cv-1494-JES-SBC<br><br>**ORDER:**<br><br>**1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2]; AND**<br><br>**2) DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B) AND 28 U.S.C. § 1915A(b)** |

Plaintiff Gregory W. Quinn, a prisoner currently incarcerated at California State Prison – Los Angeles County ("CSP-LAC") located in Lancaster, California, and proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. *See* Compl., ECF No. 1. Plaintiff alleges his constitutional rights were violated when he was previously housed at the Richard J. Donovan Correctional Facility ("RJD") in March of 2023. *See id.* at 1. In addition, Plaintiff has filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). *See* ECF No. 2.

/ / /

/ / /

## I.   PLAINTIFF'S ALLEGATIONS

On March 14, 2023, Plaintiff was "involve[d] in a fight with another inmate." Compl. at 3. On April 6, 2023, Plaintiff was given an incident report regarding the fight, and he noticed that it included "confidential information in the incident report which had nothing to do with the incident at hand." *Id.* Plaintiff alleges that he "realize[d] CDCR staff place[d] his life in danger" because the incident report included information that Plaintiff's underlying offense included "oral cop[ulation] with force." *Id.* Other inmates who were involved in the incident have allegedly received a copy of this report with this information. *Id.*

Plaintiff seeks injunctive relief, $20,000 in compensatory damages, and $20,000 in punitive damages. *See id.* at 9.

## II.   MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 577 U.S. 82, 84 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for ... the

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec., 2020). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

Plaintiff has submitted a prison certificate signed by a CSP-LAC accounting official and a certified copy of his inmate trust account statement in support of his Motion to Proceed IFP. *See* ECF No. 2 at 4-6; 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2; *Andrews*, 398 F.3d at 1119. These financial records show Plaintiff carried a zero monthly balance, had no deposits credited to his account over that time, and had a $0.00 balance to his credit at the time of filing. *See* ECF No. 2 at 4-6.

Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 2) and declines to assess any initial partial filing fee pursuant to 28 U.S.C. § 1915(a)(1) and (b)(1). *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 577 U.S. at 86; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered."). Instead, the Court **DIRECTS** the Secretary of the California Department of Corrections and Rehabilitation ("CDCR"), or their designee, to collect the entire $350 balance of the filing fee required by 28 U.S.C. § 1914 and to forward all payments to the Clerk of the Court pursuant to the installment provisions set forth in 28

U.S.C. § 1915(b)(2).

### III. INITIAL SCREENING per 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)

#### A. Standard of Review

Notwithstanding Plaintiff's IFP status or the payment of any filing fees, the Prison Litigation Reform Act ("PLRA") also obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing," and ideally before the service of process upon any Defendant. *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these statutes, the Court must *sua sponte* dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of § 1915[] is to 'ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 907 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

"When there are well-pleaded factual allegations, a court should assume their

veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

While the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

### B.   42 U.S.C. § 1983

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

### C.   Supervisory Claims

Here, Plaintiff names Warden Pollard as a Defendant and states that Pollard is "being sued under supervisory liability" and he "fail[ed] to supervise" Defendants Matthew and Lewis. Compl. at 7. However, the Court finds that these allegations are insufficient to state any plausible claim for relief against Defendant Pollard. "Because vicarious liability is inapplicable to … § 1983 suits, a plaintiff must plead that each

Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *Palmer v. Sanderson*, 9 F.3d 1433, 1437-38 (9th Cir. 1993) (noting there is no respondeat superior liability under 42 U.S.C. § 1983). A supervisory official like Pollard may only be held liable under § 1983 if the plaintiff alleges their "personal involvement in the constitutional deprivation, or . . . a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Keates v. Koile*, 883 F.3d 1228, 1242–43 (9th Cir. 2018); *Starr v. Baca,* 652 F.3d 1202, 1207 (9th Cir. 2011). In other words, "a supervisor is liable for the acts of his subordinates 'if the supervisor participated in or directed the violations, or knew of the violations of subordinates and failed to act to prevent them.'" *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009) (citations omitted).

Plaintiff offers no facts to support that Pollard was actually aware of any of the allegations made by him. While Rule 8 "does not require 'detailed factual allegations,'" it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citation omitted). In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Iqbal*, 662 U.S. at 678 (citations omitted). But nothing in Plaintiff's Complaint plausibly suggests Pollard "through his own individual actions, . . . violated the Constitution." *Iqbal*, 556 at 676; see also *Jones v. Community Redevelopment Agency of City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984) (even pro se plaintiff must "allege with at least some degree of particularity overt acts which defendants engaged in" in order to state a claim). Therefore, any purported claims against Defendant Pollard are dismissed for failing to state a claim.

D. **Eighth Amendment claims**

The Eighth Amendment requires that prison officials 'must take reasonable measures to guarantee the safety of the inmates.'" *United States v. Williams*, 842 F.3d 1143, 1153 (9th Cir. 2016) (quoting *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) ("[P]rison officials have a duty [under the Eighth Amendment] ... to protect prisoners

from violence at the hands of other prisoners."); *see also Clem v. Lomeli*, 566 F.3d 1177, 1181 (9th Cir. 2009). "It is not, however, every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety." *Farmer*, 511 U.S. at 834. "In *Wilson v. Seiter*, [the Supreme Court] rejected a reading of the Eighth Amendment that would allow liability to be imposed on prison officials solely because of the presence of objectively inhumane prison conditions." *Id.* at 838 (citing *Wilson*, 501 U.S. 294, 299-302 (1991)). General allegations "which amount to little more than positing that prisons are dangerous places, … are insufficient to state an Eighth Amendment claim." *Curry v. California Dep't of Corr. & Rehab.*, No. C 09-3408 MHP (PR), 2010 WL 546778, at *2 (N.D. Cal. Feb. 10, 2010).

Therefore, a prison official's failure to protect an inmate violates the Eighth Amendment only when "(1) the deprivation alleged is 'objectively, sufficiently serious' and (2) the prison officials had a 'sufficiently culpable state of mind,' acting with deliberate indifference." *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005) (quoting *Farmer*, 511 U.S. at 834).

To satisfy the first objective pleading requirement, the prisoner must allege sufficient factual content to plausibly "'show[ ] that he is incarcerated under conditions posing a substantial risk of serious harm.'" *Lemire*, 726 F.3d at 1075 (quoting *Farmer*, 511 U.S. at 834). To satisfy the second subjective pleading requirement, he must also "plead factual content" to show that each defendant was aware of facts from which the inference could be drawn that a substantial risk of harm existed, and that each also drew and disregarded that inference. *Iqbal*, 556 U.S at 678; *Farmer*, 511 U.S. at 837.

Here, Plaintiff claims that the inclusion of his commitment offenses in the report "exposes the plaintiff to a risk of future harm [because] sex offenses are look[ed] down on in prison." Compl. at 5. Plaintiff's Complaint contains allegations that are speculative and does not plausibly suggest that Defendants would know that Plaintiff faces a "substantial risk of serious harm." He does not allege that he ever experienced any specific threats from anyone while housed at RJD and he is currently housed at a

1  different prison. Plaintiff has not alleged that he has received any specific threats at his
2  current place of incarceration, and he does not allege that any of the other inmates who
3  may have received a copy of the incident report are housed at his current location. There
4  are no allegations of any serious risk of harm from which the Court might reasonably
5  infer that Defendants were aware or became aware that Plaintiff faced any risk, let alone
6  a substantial one from any other inmate. *Iqbal,* 556 U.S. at 678; *see also Gaut v. Sunn*,
7  810 F.2d 923. 925 (9th Cir. 1987) ("mere threat" of possible harm does not violate the
8  Eighth Amendment); *Berg v. Kincheloe*, 749 F.2d 457, 459 (9th Cir. 1986) (deliberate
9  indifference requires showing of "more than a mere suspicion that an attack will occur.");
10 *Hernandez v. Schriro*, No. CV 05-2853-PHX-DGC, 2011 WL 2910710, at *6 (D. Ariz.
11 July 20, 2011) ("While theoretical risk is always possible, *Farmer* requires more—
12 'conditions posing a substantial risk of serious harm.'").

As currently pleaded, the Court finds that Plaintiff's Complaint is devoid of any allegations that any Defendant was deliberately indifferent to a serious risk to his health or safety. *Farmer*, 511 U.S. at 834. For these reasons, Plaintiff's Eighth Amendment claims as alleged against Defendants are subject to *sua sponte* dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(ii) and 1915A(b)(1).

## IV.  CONCLUSION

For all the reasons explained, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

2. **DIRECTS** the Secretary of the CDCR, or their designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order by U.S. Mail on Jeff Macomber, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001, or by forwarding an electronic copy to trusthelpdesk@cdcr.ca.gov;

4. **DISMISSES** Plaintiff's Complaint *sua sponte* and with leave to amend in its entirety based on his failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b)(1).

5. **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to file a First Amended Complaint which cures the deficiencies of pleading noted in this Order. Plaintiff's First Amended Complaint must be complete by itself without reference to his original Complaint. Defendants not named and any claims not re-alleged in the First Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to timely file a First Amended Complaint, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1), and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.")

**IT IS SO ORDERED**.

Dated: September 1, 2023

Honorable James E. Simmons, Jr.
Unites States District Judge