UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY W. QUINN, CDCR #P-28271, <br><br> Plaintiff, <br><br> vs. <br><br> MARCUS POLLARD, Warden; RICO MATTHEWS, Correctional Officer; F. LEWIS, Correctional Officer, <br><br> Defendants. | Case No.: 3:23-cv-1494-JES-SBC <br><br> **ORDER DISMISSING CIVIL ACTION FOR FAILING TO PROSECUTE IN COMPLIANCE WITH COURT ORDER** |

## I.  Introduction

On August 11, 2023, Plaintiff Gregory W. Quinn, a prisoner currently incarcerated at California State Prison – Los Angeles County ("CSP-LAC") located in Lancaster, California, and proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. *See* Compl., ECF No. 1. Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a); instead, he filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). *See* ECF No. 2.

On September 1, 2023, the Court granted Plaintiff's Motion to Proceed in Forma Pauperis and dismissed Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A(b)(1). *See* ECF No. 3 at 8-9. Plaintiff was granted forty-five (45) days from the date of the dismissal Order to file a First Amended Complaint. *Id.* at 9.

## II. Discussion

Plaintiff's First Amended Complaint was due on or before October 15, 2023. To date, he has failed to amend, and has not requested an extension of time in which to do so. "The failure of the plaintiff eventually to respond to the court's ultimatum–either by amending the complaint or by indicating to the court that [he] will not do so–is properly met with the sanction of a Rule 41(b) dismissal." *Edwards v. Marin Park*, 356 F.3d 1058, 1065 (9th Cir. 2004).

## III. Conclusion and Order

Accordingly, the Court **DISMISSES** this civil action in its entirety based on Plaintiff's failure to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1), and his failure to prosecute as required by Court's September 1, 2023 Order.

The Court further **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) and **DIRECTS** the Clerk to enter a final judgment of dismissal and close the file.

**IT IS SO ORDERED**.

Dated:  December 1, 2023

Honorable James E. Simmons Jr.
United States District Judge